UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY GRIFFITH, )
 )
    Petitioner, )
 )
v. ) Case No. CIV-13-989-W
 )
JASON BRYANT, Warden,[1] )
 )
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner Timothy Griffith, a state prisoner appearing pro se, has filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus, challenging the administration of the criminal sentence entered against him by the District Court of Oklahoma County, Oklahoma. *See* Pet. (Doc. No. 1). Respondent, Warden Jason Bryant, has filed a Response in Opposition seeking dismissal of the Petition, to which Petitioner has replied. *See* Doc. Nos. 8, 9. United States District Judge Lee R. West has referred this action to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the Petition be DISMISSED as time-barred.

---

[1] Because Petitioner is currently incarcerated at the James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma, JCCC Warden Jason Bryant is hereby substituted as Respondent in this habeas proceeding. *See* R. 1(b), 2(a), 12, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); Fed. R. Civ. P. 25(d), 81(a)(4); *James Crabtree Correctional Center*, Okla. Dep't of Corr., http://www.ok.gov/doc/Organization/Field_Operations/West_Institutions/James_Crabtree _Correctional_Center.html (last visited May 20, 2015).

BACKGROUND

On March 31, 2005, Petitioner was charged by amended information in the District Court of Oklahoma County with 12 counts of child sexual abuse and attempted rape crimes. Pet. at 1-2; Am. Info., Resp't's Resp. Ex. 2 (Doc. No. 8-2);[2] *see State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct. filed May 29, 2002).[3] All crimes were alleged to have occurred "ON OR ABOUT 15TH DAY OF DECEMBER 1998, THROUGH THE 15TH DAY DECEMBER 2001, A.D." Am. Info. at 1-3. Following a jury trial, Petitioner was convicted on two counts of attempted first-degree rape and eight counts of sexual abuse of a child; the jury found Petitioner not guilty on two counts of attempted first-degree anal rape. Pet. at 2, 7; *State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct.) (docket entry of Sept. 1, 2005). In accordance with the jury's recommendation, Petitioner was sentenced on September 12, 2005, to five years' imprisonment on each of the attempted rape counts and three years' imprisonment on each of the child sexual abuse counts, with all sentences to run consecutively. Pet. at 7; *State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct.) (docket entry of Sept. 12, 2005).

On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions and sentence with the exception of one count of attempted rape,

---

[2] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system.

[3] An electronic version of the docket in Case No. CF-2002-2883 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2002-2883.

which the OCCA reversed and dismissed. Pet. at 2, 3, 7; *see Griffith v. State*, No. F-2005-911 (Okla. Crim. App. filed Sept. 19, 2005).[4] Petitioner filed an application for postconviction relief in the trial court, which was denied. Pet. at 4; *State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct.) (docket entries of Nov. 28, 2007, and Mar. 5, 2008). Petitioner appealed, and the OCCA affirmed the denial of postconviction relief. Pet. at 6; Resp't's Resp. (Doc. No. 8) at 2, 3; *see Griffith v. State*, No. PC-2008-293 (Okla. Crim. App. filed Mar. 28, 2008).[5]

Petitioner next sought relief from this Court in the form of a 28 U.S.C. § 2254 habeas petition. Pet. at 16; *see Griffith v. Parker*, No. CIV-08-672-W (W.D. Okla. filed July 2, 2008). After this Court denied habeas relief, Petitioner attempted to appeal. The Tenth Circuit rejected this attempt, denying Petitioner a certificate of appealability. *See Griffith v. Parker*, No. CIV-08-672-W (W.D. Okla.) (Doc. Nos. 18, 37); *Griffith v. Parker*, 377 F. App'x 722 (10th Cir. 2010).

In 2010, Petitioner filed a second application for postconviction relief in the trial court, which was denied. *State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct.) (docket entries of Dec. 22, 2010, and Jan. 13, 2011). On September 10, 2013, Petitioner filed the instant § 2241 Petition. *See* Pet. at 19; Section 2254 R. 1(b), 3(d); *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).

---

[4] An electronic version of the docket in Case No. F-2005-911 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2005-911.

[5] An electronic version of the docket in Case No. PC-2008-293 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2008-293.

3

ANALYSIS

A. *Petitioner's 28 U.S.C. § 2241 Petition*

As grounds for relief, Petitioner asserts that his sentences are being incorrectly administered because Oklahoma's "85% Law" is being applied to the three-year sentences applicable to the eight child sexual abuse convictions. Pet. at 6, 7-9. The "85% Law" refers to Title 21, Section 13.1 of the Oklahoma Statutes, which prescribes that persons convicted of various enumerated crimes—including certain crimes against a child, *see* Okla. Stat. tit. 21, § 13.1(14)—must "serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." *Id.* § 13.1; *see also id.* § 843.5. The 85% Law applies to any person committing any of the felony offenses listed in Section 13.1 "on or after March 1, 2000." *Id.* § 12.1. According to Petitioner, the application of the 85% Law to his eight child sexual abuse sentences is improper because "there is NO evidence that any of the crimes occurred on or after 03-01-2000 when this Law became enforceable." Pet. at 8. As support, Petitioner cites to the fact that the charging document encompasses a range of dates falling both before and after March 1, 2000, and argues that "[t]he specific dates on which the individual crimes allegedly occurred was not identified anywhere in the record." Pet. at 7.[6]

---

[6] In making this assertion, Petitioner appears to reference a previous Information, in which, he states, it was "alleged that the crimes occurred <u>BETWEEN</u> 01-01-1998 and 12-31-2001." Pet. at 7. The operative pleading, however, was the Amended Information, which alleged crimes occurring from on or about December 15, 1998, through December 15, 2001. *See* Am. Info. at 1-3. Because the latter pleading also alleged that the charged

4

Respondent argues that Petitioner's habeas claim is untimely raised. The undersigned agrees. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner challenges the execution of his sentence under § 2241, the one-year limitation period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D); *see, e.g.*, *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006); *Cotner v. Boone*, 48 F. App'x 287, 289 (10th Cir. 2002).

Petitioner's habeas claim that Title 21, Section 13.1 of the Oklahoma Statutes cannot properly be applied to his sentences is based upon the verbiage of the charging document in his state criminal case and the resulting sentences entered by the trial court in that case. *See* Pet. at 7-8. Thus, the relevant information was known or made available to Petitioner since at least March 31, 2005, when the Amended Information was filed in the trial court, and September 12, 2005, when Petitioner was sentenced. *See* Am. Info. at 1-3; *supra* note 6; *State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct.) (docket entry of Sept. 12, 2005).

Even if those facts were somehow viewed as not discoverable by Petitioner, Petitioner states that he became aware that the 85% Law was being applied to his sentences after he discharged his 5-year sentence on Count 1 (attempted rape, to which the 85% Law is inapplicable) and began serving his 3-year sentence on Count 3 (child

---

offenses occurred before and after March 1, 2000, Petitioner's argument continues to apply.

sexual abuse, to which the 85% Law applies), both of which occurred on January 1, 2008. *See* Pet'r's Reply (Doc. No. 9) at 2; Resp't's Resp. Ex. 1 (Doc. No. 8-1); Resp't's Resp. Ex. 3 (Doc. No. 8-3) at 1-2, 6; *see also* Pet. at 7-8.[7] On March 28, 2008, Petitioner filed a brief in support of his appeal of his first application for postconviction relief. In affirming the state trial court's denial of that application, the OCCA expressly addressed Petitioner's appellate argument "that he was not advised that he would have to serve 85% of his sentence upon being convicted." OCCA Order Denying Application for Post Conviction Relief, Resp't's Resp. Ex. 4 ("OCCA Order," Doc. No. 8-4) at 2; *accord Griffith v. Parker*, 377 F. App'x at 723, 724.

Petitioner therefore clearly knew about the application of the 85% Law, which is "the factual predicate" of this § 2241 habeas claim, by March 28, 2008, the date he filed his postconviction appellate brief. *See* OCCA Order at 1, 2; *Griffith v. State*, No. PC-2008-293 (Okla. Crim. App.) (docket entry of Mar. 28, 2008). Thus, the one-year limitation period of 28 U.S.C. § 2244(d)(1) began running by March 29, 2008, if not well before, which would make any federal habeas petition due by March 30, 2009. *See* 28 U.S.C. § 2244(d)(1)(D); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Instead, the Petition was not filed until September 10, 2013. *See* Pet. at 19.

Petitioner's § 2241 claim therefore is untimely in the absence of statutory or equitable tolling. The one-year limitation period is statutorily tolled while "a properly

---

[7] A version of Respondent's Response Exhibit 1, which provides details regarding the calculation and service of Petitioner's sentences, is also available through the Oklahoma Department of Corrections' public website. *See Offender Lookup*, Okla. Dep't of Corr., http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=520795&offender_book_id=307867 (last visited May 20, 2015).

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed one postconviction application after the relevant § 2244(d)(1)(D) accrual date of March 28, 2008. But that application was not filed until December 22, 2010—after the one-year limitation period already had expired—and therefore did not toll the limitation period. *See id.*; *State v. Griffith*, No. CF-2002-2883 (Okla. Cnty. Dist. Ct.) (docket entry of Dec. 22, 2010); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714 (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner has the burden to "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner asserts that he "did not know that his remaining sentences should not be administered under [Title 21, Section 13.1 of the Oklahoma Statutes] until September of 2013 when another inmate told him this." Pet'r's Reply at 2. Petitioner suggests that because he filed his Petition that same month, he should be credited with diligently pursuing his federal habeas claim regardless of the earlier delay detailed above.

Petitioner's argument is inconsistent with his March 2008 filing of a brief to the OCCA addressing Title 21, Section 13.1 of the Oklahoma Statutes. Further, Petitioner's alleged ignorance of his *legal* claim prior to a 2013 conversation with another inmate does not demonstrate Petitioner's ignorance of the claim's *factual* predicate and, in any event, is insufficient to establish the requisite extraordinary circumstances for equitable tolling of the limitation period. *See Marsh*, 223 F.3d at 1220. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted). That is, ignorance as to a legal claim generally does not present an extraordinary circumstance beyond a pro se petitioner's control. *See id.* Petitioner provides no convincing reason for the Court to find otherwise here. *See id.* Thus, Petitioner has failed to show that equitable tolling should apply to his habeas claim.

### B. Additional Arguments for Dismissal or Denial of Relief

Based upon the recommended dismissal of the Petition as time-barred, the undersigned need not address Respondent's alternative arguments: (i) that this action is procedurally barred due to Petitioner's failure to exhaust state-court remedies; and (ii) that relief should be denied pursuant to the rationale of *Burling v. Addison*, 451 F. App'x 761 (10th Cir. 2011). *See* Resp't's Resp. at 5-7. It should be noted, however, that in Petitioner's 2008 federal habeas action, Petitioner argued that he was "never advised that he was sentenced under the '85% law.'" *Griffith v. Parker*, No. 08-672-W, 2010 WL 2010 WL 322160, at *1 (W.D. Okla. Jan. 25, 2010). This Court found that the habeas

8

claim was procedurally barred due to Petitioner's failure to "raise issues pertaining to the '85% law' on direct appeal or in his initial state post-conviction proceedings." *Id.* at *2. This Court further found that Petitioner failed to show cause for the procedural default in state court, or to establish that failure to consider the claim's merits would result in a fundamental miscarriage of justice, and denied Petitioner relief under § 2254. *See id.*

*C. Conclusion*

Because there is no statutory or equitable tolling available, Petitioner was required by 28 U.S.C. § 2244(d)(1)(D) to have filed this habeas action by March 30, 2009, if not before. Because the Petition was not filed until September 10, 2013, this habeas corpus action is time-barred.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. No. 1) be dismissed as time-barred. Upon dismissal, Petitioner's pending motion (Doc. No. 11) should be denied as moot.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by June 12, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation on the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.  *See* Section 2254 R. 1(b), 4.

ENTERED this 22nd day of May, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE