IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY GRIFFITH, )
)
    Petitioner, )
)
vs. ) No. CIV-13-989-W
)
JASON BRYANT, Warden, )
)
    Respondent. )

## ORDER

On May 22, 2015, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Timothy Griffith be dismissed as time-barred. Griffith was advised of his right to object, see Doc. 14 at 9, and the matter now comes before the Court on Griffith's Objection to Report and Recommendation. See Doc. 15.

Upon de novo review of the record, the Court concurs with Magistrate Judge Goodwin's suggested disposition of this matter. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for state prisoners to seek federal habeas relief, subject to certain exceptions. See 28 U.S.C. § 2244(d).[1] As Magistrate Judge Goodwin found, neither statutory tolling, e.g., id. § 2244(d)(2)(limitations period tolled during pendency of "properly filed" post-conviction application), nor equitable tolling, e.g., Holland v. Florida, 560 U.S. 631 (2010); Gibson v. Klinger, 232 F.3d 799, 808

---

[1] Despite the arguments of respondent Jason Bryant, Warden, to the contrary, see Doc. 8 at 3 ("Court is without jurisdiction because the Petition was not timely filed"), "the AEDPA 'statute of limitations defense . . . is not "jurisdictional."'" Holland v. Florida, 560 U.S. 631, 645 (2010) (quoting Day v. McDonough, 547 U.S. 198, 205 (2006)).

(10th Cir. 2000)(equitable tolling applies "only in rare and exceptional circumstances"), is available in this case to toll AEDPA's one-year period.

Finding unpersuasive Griffith's argument that because he suffers a "continuing violation," Doc. 15 at 2, "it is [not] 'too late' to challenge [his] sentences," id., the Court concludes that Griffith was required to file the instant action no later than March 30, 2009. E.g., id. § 2244(d)(1)(D)(one-year limitations period shall run from date on which factual predicate of claim could have been discovered through exercise of due diligence). Because the Petition was not filed until September 10, 2013, see Doc. 1 at 19,[2] this action is clearly time-barred.

The Court therefore

(1) ADOPTS the Report and Recommendation [Doc. 14] issued on May 22, 2015;

(2) DISMISSES Griffith's Petition [Doc. 1] with prejudice; and

(3) deems MOOT Griffith's Motion for Fast and Speedy Trial [Doc. 11] file-stamped January 7, 2015.

ENTERED this 2nd day of June, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2]See Houston v. Lack, 487 U.S. 266, 275-76 (1988)(pro se prisoner's paper or pleading considered "filed" at moment of delivery to prison authorities for forwarding to court, regardless of when court receives document).